|  |  |
|---|---|
| MONJAE NYKYLE HAYNESWORTH, | CASE NO. 3:19-CV-05229-RBL-DWC |
| Plaintiff, | ORDER TO FILE AMENDED COMPLAINT |
| v. |  |
| GREGORY L GREER, MEAGAN M FOLEY, |  |
| Defendants. |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Plaintiff MonJae Nykyle Haynesworth, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file an amended pleading by June 6, 2019, to cure the deficiencies identified herein.

**I.     Background**

In the Amended Complaint, Plaintiff alleges Defendant Meagan Foley violated Plaintiff's constitutional rights by restricting Plaintiff's telephone access. Dkt. 6. Plaintiff states he has also been rotated into solitary confinement and has been unable to contact his family. *Id*.

ORDER TO FILE AMENDED COMPLAINT - 1

**II.     Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Amended Complaint, Plaintiff states Defendant Foley placed him on phone restrictions for no apparent reason. Dkt. 6, p. 3. He states he has also been on a rotation that includes solitary confinement and has been unable to contact his family for almost a year. *Id*. Plaintiff's conclusory allegation that Defendant Foley violated his rights by placing him on phone restriction is insufficient to state a claim upon which relief can be granted. Plaintiff fails to explain, specifically, how Defendant Foley's actions violated Plaintiff's constitutional rights. Further, Plaintiff does not explain how Defendant Foley was involved in Plaintiff's placement in solitary confinement or Plaintiff's inability to contact his family and Plaintiff does not allege any wrongdoing by Defendant Gregory Greer. Plaintiff has failed to adequately explain what actions or inactions by Defendants resulted in the alleged constitutional violations. Therefore, Plaintiff's vague and conclusory allegations are insufficient to show Defendant's violated his constitutional rights. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

Importantly, in the Second Amended Complaint, Plaintiff names a state court commissioner (judge) – Meagan Foley -- and a prosecutor – Gregory Greer -- as Defendants. *See* Dkt. 6. "State judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Prosecutors are also entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity

protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Plaintiff indicates he is challenging a court-issued restriction. *See* Dkt. 6, p. 2. As Defendants Foley and Greer have immunity, Plaintiff has failed to state a claim against these Defendants and claims against them cannot proceed.

### III. Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before June 6, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 7th day of May, 2019.

*David W. Christel*
United States Magistrate Judge